DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that granted permanent custody of Destiny R. to the Lucas County Children Services Board ("LCCS").[1] For the reasons that follow, this court affirms the judgment of the trial court.
Appellant Patricia R., natural mother of Destiny, sets forth the following assignment of error:
 "1. THAT THE JUVENILE COURT ERRED IN THAT THE EVIDENCE LACKED THE CLEAR AND CONVINCING STANDARD THAT TRICIA ["R."], MOTHER HAS NOT SHOWN SUBSTANTIAL IMPROVEMENT AND WOULD NOT BE ABLE TO ADEQUATELY PARENT IN THE NEAR FUTURE AS REQUIRED BY O.R.C. 2151.414."
The facts that are relevant to the issues raised on appeal are as follows. Destiny R. was born on September 30, 2001. Destiny tested positive for cocaine at birth and was appellant's seventh child born cocaine-positive. On October 3, 2001, LCCS filed a "COMPLAINT IN DEPENDENCY AND NEGLECT: PERMANENT CUSTODY, AND REASONABLE EFFORTS BYPASS; AND MOTION FOR SHELTER CARE HEARING." In its motion, the agency alleged that appellant has a history of drug abuse and neglect of her children and the agency had in the past received permanent custody of appellant's six other children; at the time of Destiny's birth, both appellant and the baby tested positive for cocaine and appellant admitted using crack cocaine during the pregnancy; LCCS was most recently involved with appellant in 1999, when she gave birth to another cocaine-positive baby and told the agency she was not stable enough to care for the child; and that appellant has been offered case plan services, including substance abuse treatment, on many occasions but has been unable to discontinue her drug use. The agency asked the trial court to grant an emergency shelter care hearing, to find that reasonable efforts by LCCS are not required to prevent removal, to adjudicate the child dependent and neglected, and to award permanent custody to the agency.
On November 6, 2001, Destiny was found to be a neglected child. At that time, the parties stipulated to LCCS being excused from making reasonable efforts toward reunification in this case, due to appellant's loss of permanent custody of her six other children in other cases. On November 19, 2001, Destiny's guardian ad litem, who had been appointed guardian for five of appellant's other children, filed a report in which she strongly recommended that permanent custody be awarded to LCCS.
The permanent custody hearing was held on November 27, 2001, and testimony was heard from appellant's LCCS caseworker; the case manager at Devlac Hall, the women's residential facility where appellant sought treatment in October 2001; one of appellant's friends; appellant's Narcotics Anonymous sponsor, and appellant. Testimony was heard as to appellant's history of drug abuse, both recent and dating back to her teenage years; her admission to the residential treatment facility in October 2001 for her crack cocaine addiction; appellant's loss of custody of her six other children; and her relapse several days before the permanent custody hearing. Appellant testified as to her plans for continued treatment for her addiction and her Narcotics Anonymous sponsor testified that she has seen an improvement in appellant's desire to address her problems and in her ability to reach out for help.
On December 14, 2001, the trial court filed a judgment entry granting the agency's motion for permanent custody of Destiny. The trial court found that appellant has a long-standing drug addiction; appellant has had six other children permanently removed from her custody; LCCS has provided services to appellant on and off from 1991 to the present in an effort to rehabilitate her; Destiny cannot and should not be placed with either parent within a reasonable period of time due to appellant's severe and chronic chemical dependency; appellant has demonstrated a lack of commitment toward her child by continuing to use drugs and alcohol while participating in substance abuse treatment; appellant is unwilling to provide food, clothing, shelter and other basic necessities for her child or to prevent the child from suffering neglect; and appellant does not appear capable of sustaining sobriety for any substantial period of time. The trial court further found that the child's need for a legally secure placement cannot be achieved without a grant of permanent custody and that an adoptive placement would positively benefit Destiny. It is from that judgment that appellant appeals.
In her sole assignment of error, appellant asserts that the trial court's decision is not supported by clear and convincing evidence. Appellant argues that the testimony showed appellant had a support system in place and had shown improvement in trusting others to assist her in recovery and that she was not given the opportunity to accomplish her goals.
In granting a motion for permanent custody, the trial court must find that there is clear and convincing evidence that one or more of the conditions listed in R.C. 2151.414(E) exists as to each of the child's parents. If, after considering all the relevant evidence, the court determines, by clear and convincing evidence, that one or more of those conditions exists, the court can and must enter a finding that the child cannot be placed with either of his or her parents within a reasonable time or should not be placed with either parent. R.C. 2151.414(B)(1). Further, pursuant to R.C. 2151.414(D), a juvenile court must consider the best interest of the child by examining factors relevant to that case. Only if these findings are supported by clear and convincing evidence, can a juvenile court terminate the rights of a natural parent and award permanent custody of a child to a children services agency. In re WilliamS. (1996), 75 Ohio St.3d 95 . Clear and convincing evidence is evidence sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus.
This court has thoroughly reviewed the entire record of proceedings in the trial court. Based upon the evidence summarized above, we find that LCCS presented sufficient evidence to create in the mind of the trial court a firm conviction that Destiny R. could not be placed with her mother within a reasonable time or should not be placed with her, and that it was in the child's best interest to grant permanent custody to Lucas County Children Services Board. The trial court had before it evidence that appellant had failed over a period of ten years to control her substance abuse problem, had failed to avail herself of services offered by LCCS, and had lost custody of six other children. Further, R.C. 2151.414(E)(11) states that if the trial court finds that the parent has had parental rights involuntarily terminated pursuant to this section with respect to a sibling of the child, it must enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. As the evidence showed, appellant has had her parental rights terminated as to six of Destiny's siblings. Based on the foregoing, this court finds appellant's sole assignment of error not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Richard W. Knepper, J. Mark L. Pietrykowski,P.J., JUDGES CONCUR.
[1] Destiny's alleged father failed to appear at the disposition hearing and has not appealed the trial court's decision.